**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | | |
|---|---|---|
| **DONALD RAY WHITE, JR.,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **V.** | : | |
| | : | **NO. 7:21-cv-00114-HL-TQL** |
| **U.S. MARSHALS, *et al.*,** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

## <u>ORDER</u>

Plaintiff Donald Ray White, Jr., a prisoner in the Irwin County Detention Center in Ocilla, Georgia, filed a *pro se* civil rights complaint pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).[1]   Compl., ECF No. 1. Plaintiff also filed a motion for leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a).   Mot. for Leave to Proceed *In Forma Pauperis*, ECF No. 2; Inmate Account Statement, ECF No. 3.   Plaintiff's motion to proceed *in forma pauperis* was granted, and Plaintiff was ordered to pay an initial partial filing fee, Order, ECF No. 7, which he has now paid.   Thus, Plaintiff's complaint is ripe for preliminary review.   On that review, Plaintiff is now **ORDERED** to recast his complaint if he wants to proceed with this action.

**PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT**

    I.    <u>Standard of Review</u>

---

[1]Although Plaintiff filed his complaint on a 42 U.S.C. § 1983 form, he has named federal actors as defendants, such that it appears that his claims actually fall under *Bivens*.

Because the Court has granted Plaintiff leave to proceed *in forma pauperis*, his complaint is subject to a preliminary review. *See* 28 U.S.C. § 1915A(a) (requiring the screening of prisoner cases) & 28 U.S.C. § 1915(e) (regarding *in forma pauperis* proceedings). When performing this review, the court must accept all factual allegations in the complaint as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings are also "held to a less stringent standard than pleadings drafted by attorneys," and thus, the Court "liberally construe[s]" *pro se* claims. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted). The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (internal quotation marks omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (first alteration in original). In other words, the

2

complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under §1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cty*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

II.     Factual Allegations

In his complaint, Plaintiff asserts that, from September 16, 2020 through May 14, 2021, he was held in a detention center in Alabama, where he had four teeth extracted. Compl. 5, ECF No. 1. Because Plaintiff had exposed nerves and severe pain, he was scheduled to have four additional teeth extracted, which he could not have had extracted along with the first four because the United States Marshal Service only allows four teeth to be extracted at a time. *Id.*

At some point before the additional teeth could be taken out, Plaintiff was transferred to the Irwin County Detention Center in Ocilla, Georgia. *Id.* Believing that he would soon be transferred to a prison facility, Plaintiff initially waited for treatment,

3

although he was in a great deal of pain.  *Id.*   Then, on July 22, 2021, Plaintiff submitted an electronic request for treatment, asserting that his teeth hurt badly because of exposed nerves.  *Id.*   Plaintiff also submitted a paper request for dental care at that time.  *Id.* Plaintiff submitted additional paper requests on July 25 and 29, 2021, and electronic requests on July 27 and 30, 2021.  *Id.* at 5, 7.

On August 2, 2021, Plaintiff was told that the facility did not have sufficient medical staff and there was no sick call nurse available to see him.  *Id.* at 7.   Plaintiff subsequently submitted two more written sick call requests on August 5 and 10, 2021.  *Id.*   While waiting for treatment, Plaintiff has had eight teeth break off at the gum line resulting in four exposed nerves.

On August 12, 2021, Plaintiff was seen at sick call and referred to the nurse practitioner, who ordered medicine for Plaintiff's back but did nothing for his dental issues. *Id.*   Plaintiff asserts that, by the time the United States Marshals set his appointment and he is seen, he will have been suffering for at least six weeks.  *Id.*   Plaintiff filed this complaint against the Irwin County Detention Center and the United States Marshals, asserting that they were deliberately indifferent to his serious medical need.  *Id.*

III.    Plaintiff's Claims

In *Bivens*, 403 U.S. 388, the United States Supreme Court recognized an implied right of action for damages against federal officers for constitutional rights violations in the context of a Fourth Amendment claim.  A *Bivens* "action is available if no equally effective remedy is available, no explicit congressional declaration precludes recover, and

4

. . . no 'special factors counsel hesitation.'" *Rauschenberg v. Williamson*, 785 F.2d 985, 987 (11th Cir. 1986). In *Carlson v. Green*, 446 U.S. 14 (1980), the Supreme Court extended *Bivens* and inferred a cause of action against prison officials for violating a prisoner's Eighth Amendment right to adequate medical care.

In order to state a claim for deliberate indifference to a serious medical need, a prisoner must allege facts to show that he had a medical need that was objectively serious and that the defendant was deliberately indifferent to that need. *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003). A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Hill v. Dekalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1187 (11th Cir. 1994) (quotation marks and citation omitted). Further, the condition must be one that would pose a "substantial risk of serious harm" if left unattended. *Farrow*, 40 F.3d at 1243.

Here, Plaintiff names LaSalle Corrections Irwin County Detention Center and the United States Marshals out of Chattanooga, Tennessee, as defendants to this action. *Bivens*, however, does not provide a right of action against federal agencies or private companies contracting with the federal government. *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 69-74 (2001). Rather, it provides for claims against individual federal actors for certain violations of a person's constitutional rights. As Plaintiff has not identified any individual federal actors who were involved in his claims, he has not stated a claim upon which relief may be granted.

5

Insofar as it appears that Plaintiff may be able to state a claim for relief through a more carefully drafted complaint, he will now be provided one opportunity to recast his complaint to attempt to state a claim.   Thus, if he wants to proceed with this case, Plaintiff is **ORDERED** to recast his complaint consistent with the instructions herein.

The recast complaint must contain a caption that clearly identifies, by name, each individual that Plaintiff has a claim against and wishes to include as a defendant in the present lawsuit.   Plaintiff is to name only the individuals associated with the claim or related claims that he is pursuing in this action.   Plaintiff must then list each defendant again in the body of his complaint and tell the Court exactly how that individual violated his constitutional rights.   To that end, it is also recommended that, when drafting his statement of claims, Plaintiff list numbered responses to the following questions (to the extent possible) along with the name of each defendant:

(1)    *What* did this defendant do (or not do) to violate your rights?   In other words: What was the extent of this defendant's authority or role in the unconstitutional conduct?   Is he or she a supervisory official? Was the defendant personally involved in the constitutional violation?   If not, did this person's actions otherwise cause the unconstitutional action?   How do you know?

(2)    *When* and *where* did each action occur (to the extent memory allows)?

(3)    *How* were you injured as a result of this defendant's actions or decisions?   If your injury is related to a change in the conditions of your confinement, please describe how those conditions differ from those in general population.   If you have been physically injured, explain the extent of your injuries and any medical care requested or provided.

(4)    *How* and *when* did this defendant learn of your injuries or otherwise

6

become aware of a substantial risk that you could suffer a serious injury?

(5)   *What* did this defendant do (or not do) in response to this knowledge?

(6)   *What* relief do you seek from this defendant?

Plaintiff should state his claims as simply as possible and need not attempt to include legal citations or legalese.   If, in his recast complaint, Plaintiff fails to link a named defendant to a claim, the claim will be dismissed.   Likewise, if Plaintiff makes no allegations in the body of his complaint against a named defendant, that defendant will be dismissed.

The recast complaint will supersede (take the place of) the complaint previously filed in this case.   Thus, the Court will not look back to the original complaint to determine whether Plaintiff has stated a colorable constitutional claim.   Plaintiff should therefore take care to include any facts relevant to his claims in this new recast complaint.

Plaintiff shall have **TWENTY-ONE (21) DAYS** from the date of this order to file his recast complaint.   Plaintiff's failure to fully and timely comply with this order may result in the dismissal of this action.   The Clerk is **DIRECTED** to forward Plaintiff a *Bivens* complaint form along with his service copy of this order (with the civil action number showing on both).   There will be no service until further order of the Court.

**SO ORDERED and DIRECTED**, this 20th day of October, 2021.


s/ ***Thomas Q. Langstaff***
United States Magistrate Judge


7