**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

DONALD RAY WHITE, JR.,                          :
                                                :
      Plaintiff,                             :
                                                :
VS.                                             :
                                                :        **7 : 21-CV-114 (HL)**
WARDEN PAULK, *et al.,*                          :
                                                :
                                                :
      Defendants.                            :

## NOTIFICATION OF PRE-ANSWER MOTION TO DISMISS

Defendants filed a motion to dismiss Plaintiff's Complaint and a brief in support thereof on April 1, 2022. (Doc. 22). The Court is required to adequately advise Plaintiff of the significance of Defendants' motion. *See Griffith v. Wainwright*, 772 F.2d 822 (11th Cir. 1985) (per curiam). In an effort to afford Plaintiff, who is proceeding *pro se*, adequate notice and time to respond to Defendants' motion, the following notice is given.

When considering a motion to dismiss, the Court must accept as true all facts set forth in the plaintiff's complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). The complaint must include sufficient factual allegations "to raise a right to relief above the speculative

level." *Twombly*, 550 U.S. at 555. "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* Although the complaint must contain factual allegations that "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims, *id.* at 556, "Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because 'it strikes a savvy judge that actual proof of those facts is improbable.'" *Watts v. Fla. Int'l Univ.,* 495 F.3d 1289, 1295 (11th Cir. 2007) (*quoting Twombly*, 550 U.S. at 556).

### Briefs

Under the procedures and policies of this Court, motions to dismiss are normally decided on briefs. Plaintiff may submit his argument to this Court by filing a brief in opposition to Defendants' motion to dismiss. Unless the Court has granted prior permission, any response brief should not exceed 20 pages. M. D. Ga. Civ. R. 7.4.

### Amending the Complaint

Defendants' motion to dismiss alleges there are certain deficiencies in Plaintiff's complaint, including failure to state a claim upon which relief may be granted. In some situations, a failure to state a claim may be cured with a more carefully drafted complaint. If, based on the issues raised in Defendants' motion to dismiss, Plaintiff wishes to amend his Complaint to more adequately state a claim for relief, he has 21 days to seek to amend his complaint. Plaintiff should be aware that a dismissal of his Complaint could prevent him from re-filing his claims if the running of the applicable statute of limitations would bar further litigation. *Brennan v. Comm'r, Ala. Dep't of Corr.*, 626 F. App'x 939, 946 n.4 (11th

2

Cir. 2015).

## Responding to an Alleged Failure to Exhaust

Normally, when considering a motion to dismiss, the Court limits its consideration to the pleadings and exhibits attached thereto, as well as the parties' briefs.  If, however, Defendants have alleged that Plaintiff's claims should be dismissed for failure to exhaust administrative remedies through the Georgia Department of Corrections, "[t]he judge properly may consider facts outside of the pleadings to resolve a factual dispute as to exhaustion where doing so does not decide the merits, and the parties have a sufficient opportunity to develop the record." *Trias v. Fla. Dep't of Corr.,* 587 F. A'ppx 531, 535 (11th Cir. 2014)(*citing Bryant v. Rich*, 530 F.3d 1368, 1376 (11th Cir. 2008)).  If Plaintiff is responding to a motion to dismiss for failure to exhaust, this is his opportunity to "develop the record".  *Id.*  Plaintiff may provide the Court with affidavits and/or other documents showing that he has, in fact, exhausted available administrative remedies.

**FAILURE OF PLAINTIFF TO RESPOND TO AND REBUT THE LEGAL ARGUMENTS SET FORTH IN DEFENDANTS' BRIEF MAY RESULT IN THESE STATEMENTS BEING ACCEPTED AS UNCONTESTED AND CORRECT.**  The Court could grant judgment to Defendants and there would be no trial or further proceedings. Accordingly, Plaintiff is **NOTIFIED** of his right to submit a response brief, and if responding to a motion to dismiss for failure to exhaust administrative remedies, submit any affidavits and/or documents showing he has exhausted.  If Plaintiff fails to file a brief in opposition to the motion to dismiss, a final judgment may be rendered against him if otherwise appropriate under the law. Any

amendment as of right, and/or other documents must be filed **WITHIN 21 DAYS** of this Order.  Fed. R. Civ. P. 15(a)(1)(B); M.D.Ga. Civ. R. 7.2.  Additionally, Plaintiff is **ORDERED and DIRECTED** to file a response to said Motion to Dismiss **WITHIN 21 DAYS** of this Order.  Thereafter, the Court will consider Defendants' motion to dismiss and any opposition to the same filed by Plaintiff and issue its ruling.

 **SO ORDERED**, this 4th day of April, 2022.

 s/ *Thomas Q. Langstaff*
 **UNITED STATES MAGISTRATE JUDGE**