**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

DONALD RAY WHITE, JR.,                        :
                                              :
        Plaintiff,                            :
                                              :
    VS.                                       :        **7:21-CV-114 (HL)**
                                              :
Warden DAVID PAULK, *et al.*,                 :
                                              :
        Defendants.                           :
                                              :

## <u>ORDER</u>

Defendants filed a Motion to Dismiss Plaintiff's Complaint with a brief in support thereof. (Doc. 22). In relevant part, Defendants' Motion references an attached Declaration of Defendant Paulk which contains factual allegations concerning the operation of the Irwin County Detention Center by a private company, and which allegations relate to Defendants' argument that Plaintiff allegedly fails to state a *Bivens* claim against Defendants. (Docs. 22-1, p. 7; 22-2, p. 1).

Pursuant to Rule 12(d), "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." FED. R. CIV. P. 12(d). The Court notes that there

> are three exceptions to the rule that considering material outside of the pleadings converts a motion to dismiss into a motion for summary judgment, thereby requiring compliance with the notice rules. First, conversion will not occur if the court properly takes judicial notice of attached exhibits. Second, a document attached to the pleadings as an exhibit may be considered if it is central to the plaintiff's claim and the authenticity of the document is not challenged. Third, the conversion is harmless and does not require notice if the parties, *inter alia*, made all arguments and submitted all the documents they would have even with sufficient notice.

*Adamson v. Poorter*, 2007 WL 2900576 at *2 (11th Cir. 2007) (per curiam) (internal citations omitted).

It is unclear from Defendants' Motion and attached Declaration whether the Court can consider the attached Declaration without converting the Motion to Dismiss, as to the *Bivens* claim, into a motion for summary judgment. Accordingly, Defendants are **ORDERED and DIRECTED** to clarify their position as to whether the Court can consider the Motion to Dismiss with its attached Declaration, or whether the Motion, in part, must be converted to a motion for summary judgment pursuant to Rule 12(d). Defendants must respond to this directive **WITHIN SEVEN (7) DAYS** of the date of this Order.

**SO ORDERED and DIRECTED**, this 10th day of January, 2023.

s/ ***THOMAS Q. LANGSTAFF***
UNITED STATES MAGISTRATE JUDGE

2