**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

DONALD RAY WHITE, JR.,                    :
                                          :
        Plaintiff,                    :
                                          :
    VS.                                   :          **7:21-CV-114 (HL)**
                                          :
Warden DAVID PAULK, *et al.*,             :
                                          :
        Defendants.                    :
                                     :

## <u>ORDER</u>

Defendants filed a Motion to Dismiss Plaintiff's Complaint with a brief in support thereof. (Doc. 22). In relevant part, Defendants' Motion references an attached Declaration of Defendant Paulk which contains factual allegations concerning the operation of the Irwin County Detention Center by a private company, and which allegations relate to Defendants' argument that Plaintiff allegedly fails to state a *Bivens* claim against Defendants. (Docs. 22-1, p. 7; 22-2, p. 1). In response to the Court's Order directing Defendants to clarify whether the Motion to Dismiss should be converted, in part, to a motion for summary judgment as to the *Bivens* claim, Defendants have now filed their Response and state that the Motion to Dismiss should be converted to a Motion for Summary Judgment. (Docs. 33, 34).

Pursuant to Rule 12(d), "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." FED. R. CIV. P. 12(d). "The district court is required to notify the parties that the motion has been converted, and give the parties 10 days in which to supplement the record." *Trustmark Ins. Co. v. ESLU, Inc.*, 299 F.3d 1265, 1267 (11th Cir. 2002) (citing *Herron v. Beck*, 693 F.2d 125, 126 (11th Cir. 1982); *Lewis v. Asplundh Tree Expert Co.*, 305 F. App'x 623,

627 (11th Cir. 2008) (per curiam) (first quoting *Donaldson v. Clark*, 819 F.2d 1551, 1555 (11th Cir. 1987); and then citing FED. R. CIV. P. 56(c)). "The purpose of this requirement is to make certain that the parties are aware of the conversion and have an opportunity to present documents and arguments for and against the granting of summary judgment." *Willingham v. United States*, 2015 WL 7582548 at *3 (S.D. Ga. 2015) (quoting *Prop. Mgmt. & Invs., Inc. v. Lewis*, 752 F.2d 599, 605 (11th Cir. 1985). "The proper course of action is to allow the litigation to proceed to summary judgment, notify the parties of this conversion, and give them ten (10) days to supplement the record." *Bank of N.Y. Mellon v. Begley*, 2017 WL 7660408 at *2 (N.D. Ga. 2017) (citing *Trustmark Ins. Co.*, 299 F.3d at 1267).

The Court hereby notifies the parties that pursuant to Rule 12(d), the Court deems it appropriate to convert Defendants' Motion to Dismiss, as to the *Bivens* claim, into a Motion for Summary Judgment. The parties shall have **TEN (10) DAYS** from the date of this Order to supplement the record.

As Plaintiff is proceeding *pro se*, the Court deems it appropriate to further advise Plaintiff of the significance of Defendants' Motion. *See Griffith v. Wainwright*, 772 F.2d 822 (11th Cir. 1985) (per curiam). Plaintiff is notified that within ten (10) days from the date of this Order, Plaintiff must file all materials, including any affidavits, depositions, answers to interrogatories, admissions on file, and any other relevant materials which Plaintiff wishes to be considered in opposition to the Motion for Summary Judgment. FED. R. CIV. P. 56(c)(1)(B).

PLAINTIFF IS NOTIFIED THAT THE CLAIMS HE ASSERTS IN HIS PLEADINGS MAY BE DISMISSED WITHOUT A TRIAL IF HE FAILS TO RESPOND TO THE MOTION.

2

Under Federal Rule of Civil Procedure 56, summary judgment can be granted only if there are no genuine disputes as to any material fact and if the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party opposing a motion for summary judgment cannot simply rely on the pleadings. FED. R. CIV. P. 56(c); *Celotex*, 477 U.S. at 324. To establish that a genuine fact dispute exists, the party opposing summary judgment must respond by filing affidavits, depositions, or other materials to persuade the Court that the case must be presented to a jury for resolution. FED. R. CIV. P. 56(c); *Celotex*, 477 U.S. at 324. Therefore, Rule 56 provides that a party may NOT oppose summary judgment simply by relying on the allegations in their pleadings.

Plaintiff is **NOTIFIED** that if he does not respond with affidavits or documentary evidence contradicting the material facts asserted in the Motion for Summary Judgment, the Court may accept the factual assertions in the Motion as true.

Final Judgment may then be entered on the claim or claims without a trial.

Following the ten (10) day period provided for herein, the Court will enter a Recommendation on the Motion for Summary Judgment as to the *Bivens* claim, and the Motion to Dismiss as to the remaining claims.

**SO ORDERED and DIRECTED**, this 18th day of January, 2023.

s/ ***THOMAS Q. LANGSTAFF***
UNITED STATES MAGISTRATE JUDGE

3